IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

2009 OCT 19 PM 4: 13

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br><br>and<br><br>HARTFORD CASUALTY INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN INSTITUTE OF BAKING INC.,<br><br>and<br><br>AIB INTERNATIONAL, INC.,<br><br>and<br><br>EUGENE HATFIELD,<br><br>and<br><br>RICK FITZER,<br><br>    Defendants. | CV409-163<br><br>CASE NO.:_____ |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs Hartford Fire Insurance Company and Hartford Casualty Insurance Company (collectively, "Hartford"), by counsel, bring this complaint for declaratory relief against Defendants American Institute of Baking Inc., AIB International, Inc., Eugene Hatfield and Rick Fitzer, and state:

## THE PARTIES

1. Plaintiff Hartford Fire Insurance Company ("Hartford Fire") is a Connecticut corporation with its principal place of business in Hartford, Connecticut. As such, Hartford Fire is a citizen of Connecticut.

2. Plaintiff Hartford Casualty Insurance Company ("Hartford Casualty") is an Indiana corporation with its principal place of business in Hartford, Connecticut. As such, Hartford Casualty is a citizen of Indiana and Connecticut.

3. Defendant American Institute of Baking Inc. ("American Institute") is an Illinois corporation with its principal place of business in Manhattan, Kansas. As such, American Institute is a citizen of Illinois and Kansas. On information and belief, American Institute regularly conducts business in the State of Georgia.

4. Defendant AIB International, Inc. ("AIB International") is a Kansas corporation with its principal place of business in Manhattan, Kansas. As such, AIB International is a citizen of Kansas. On information and belief, AIB International regularly conducts business in the State of Georgia.

5. On information and belief, defendant Eugene Hatfield ("Mr. Hatfield") is domiciled in Georgia. As such, Mr. Hatfield is a citizen of Georgia.

6. On information and belief, defendant Rick Fitzer ("Mr. Fitzer") is domiciled in Chatham County, Georgia. As such, Mr. Fitzer is a citizen of Georgia.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Diversity of citizenship exists because the plaintiffs are citizens of Indiana and Connecticut whereas the defendants are citizens of Illinois, Kansas, and Georgia.

8. This Court has jurisdiction to award declaratory relief pursuant to 28 U.S.C. § 2201.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the present claim occurred in this district.

## FACTS

### The Insurance Policies

10. Hartford issued to American Institute and AIB International five insurance policies that are the subject of this action. Two of the policies are numbered 37 UUN AK 2202. These policies are effective from January 1, 2008 to January 1, 2009 and January 1, 2009 to January 1, 2010. A third policy is numbered 37 UEN AK 2176 and was effective January 1, 2008 to January 1, 2009. All three of these policies provide commercial general liability ("CGL") coverage. These three policies are collectively referred to as the "Primary Policies."

11. The Primary Policies each incorporate Commercial General Liability Coverage Form number HG 00 01 06 05 (the "CGL Coverage Form").

12. Hartford Casualty issued to American Institute and AIB International, Inc. two umbrella liability policies (the "Umbrella Policies") numbered 37 RHU AK 2101, effective January 1, 2008 to January 1, 2009 and January 1, 2009 to January 1, 2010.

13. The Umbrella Policies each incorporate Umbrella Liability Policy Form number XL 00 03 06 05 (the "Umbrella Coverage Form").

14. Kansas law applies to the interpretation of the Primary Policies and the Umbrella Policies (collectively, the "Policies"), which were delivered in Kansas to Kansas-headquartered policyholders.

## The Underlying Lawsuit

15. On or about September 3, 2009, Rick Fitzer, on behalf of himself and others similarly situated, filed a putative class action complaint (the "Underlying Complaint") against American Institute, American Institute of Baking International, Inc., and Mr. Hatfield. The reference in the Underlying Complaint to American Institute of Baking International, Inc. is apparently an erroneous attempt to name AIB International as a defendant. The Underlying Complaint seeks compensatory damages in excess of $5 million.

16. The Underlying Complaint alleges that AIB International, for a number of years, contracted to inspect plants owned by Peanut Corporation of America, including plants located in Blakely, Georgia and Plainview, Texas. The inspections conducted by AIB International were allegedly deficient. Mr. Hatfield, an employee of AIB International, allegedly performed a negligent audit of the plant located in Blakely, Georgia. The Underlying Complaint asserts that as a result of the allegedly deficient

4

inspections and audits conducted by AIB International and Mr. Hatfield, Mr. Fitzer and the other members of the class that he claims to represent, suffered bodily injuries, including death, and other financial losses associated with returning recalled products.

17. The Underlying Complaint seeks class certification, including certification of two subclasses. The first subclass is defined as "all persons who suffered personal injuries, including death, as a result of ingestion of peanut products produced at the Peanut Corporation of America plants in Blakely, Georgia and Plainview, Texas." The second subclass is defined as "All persons who suffered non-personal injury damages such as: a) loss of peanut products purchased because of the recall and costs associated with complying with the recall; and b) medical check-ups for actual and/or suspected ill health effects from the contaminated products."

18. American Institute and AIB International have requested that Hartford defend and indemnify them under the Policies with respect to the Underlying Lawsuit.

19. The Underlying Lawsuit is not potentially covered under the Primary Policies. To the extent that the Underlying Complaint alleges "bodily injury" or "property damage," the exclusion added by the endorsement entitled "Exclusion—Inspection, Appraisal and Survey Companies, " form CG 22 24 07 98, bars coverage for such injury or damage "for which the insured may be held liable because of the rendering of or failure to render professional services in the performance of any claim, investigation, adjustment, engineering, inspection, appraisal, survey or audit services." The Underlying Complaint alleges that the injuries suffered by the putative plaintiff class are the result of a series of deficient inspections and a negligent audit conducted by AIB

5

International. Thus, the Lawsuit seeks damages against AIB International solely as a result of "the rendering of or failure to render professional services" within the meaning of the exclusion.

20. Coverage under the Primary Policies is further restricted by the endorsement titled "Exclusion—Fungi, Bacteria and Viruses," Form HC 21 90 09 01. The exclusion precludes coverage for "1. Injury or damage arising out of or related to the presence of, suspected presence of, or exposure to: . . . b. Bacteria; . . . from any source whatsoever" and "Any loss, cost or expense arising out of the . . . removal of . . . remediation of, disposal of, or any other response to or assessment of, the effects of any of the items in [1.b.] above, from any source whatsoever." The Underlying Complaint seeks an award of damages for the loss of recalled peanut products and the costs of complying with the product recall. Thus, the lawsuit seeks damages arising out of or related to the presence or suspected presence of, or exposure to bacteria and losses, costs, and expenses arising out of responses and assessments of the effects of the bacteria within the meaning of the exclusion.

21. The Underlying Lawsuit also does not give rise to a potential for coverage under the Umbrella Policies. To the extent that the Underlying Complaint alleges "bodily injury" or "property damage," the exclusion added at the endorsement entitled "Exclusion—Inspection, Appraisal and Survey Companies, " form XL 23 14 08 03, bars coverage for such injury "for which the insured may be held liable because of the rendering of or failure to render professional services in the performance of any claim, investigation, adjustment, engineering, inspection, appraisal, survey or audit services."

The Underlying Complaint alleges that the injuries suffered by the putative plaintiff class are the result of a series of deficient inspections and a negligent audit conducted by AIB International. Thus, the Lawsuit seeks damages against AIB International solely as a result of "the rendering of or failure to render professional services" within the meaning of the exclusion.

22.     Coverage under the Umbrella Policies is further restricted by the endorsement titled "Following Form Endorsement—Fungi, Bacteria and Viruses," Form XL 24 58 09 01, which precludes coverage for "1. Injury or damage arising out of or related to the presence of, suspected presence of, or exposure to: . . . b. Bacteria; . . . from any source whatsoever" and "Any loss, cost or expense arising out of the . . . removal of . . . remediation of, disposal of, or any other response to or assessment of, the effects of any of the items in [1.b.] above, from any source whatsoever." The Underlying Complaint seeks an award of damages for the loss of recalled peanut products and the costs of complying with the product recall. Thus, the lawsuit seeks damages arising out of or related to the presence or suspected presence of, or exposure to bacteria and losses, costs, or expenses arising out of responses and assessments of the effects of the bacteria within the meaning of the exclusion.

## COUNT I—Declaratory Relief Regarding Defense Obligation

23.     Hartford incorporates by reference the allegations of all preceding paragraphs of this pleading.

24.     To the extent that the Underlying Complaint seeks damages because of "bodily injury" or "property damage," as defined in the Primary Policies, the exclusion

added by the endorsement entitled "Exclusion—Inspection, Appraisal and Survey Companies, " form CG 22 24 07 98, bars any potential coverage for the Underlying Lawsuit under the Primary Policies.

25. The exclusion added by the endorsement entitled "Exclusion—Inspection, Appraisal and Survey Companies, " form XL 23 14 08 03 in the Umbrella Policies bars any potential coverage for the Underlying Lawsuit under the Umbrella Policies.

26. Hartford has no obligation to defend American Institute, AIB International, or Mr. Hatfield with respect to the Underlying Lawsuit.

27. An actual and justiciable controversy exists between Hartford, on the one hand, and American Institute, AIB International and Mr. Hatfield on the other, as to whether Hartford must defend American Institute, AIB International and Mr. Hatfield in the Underlying Lawsuit.

WHEREFORE, Hartford requests that the Court enter judgment declaring that Hartford has no obligation to defend American Institute, AIB International or Mr. Hatfield with respect to the Underlying Lawsuit, and granting such other and further relief as justice may require.

### COUNT II—Declaratory Relief Regarding Indemnity Obligation

28. Hartford incorporates by reference the allegations of all preceding paragraphs of this pleading.

29. Because, as set forth in Count I, the Underlying Lawsuit does not give rise to potential coverage under the Policies, Hartford also has no obligation to indemnify

American Institute, AIB International or Mr. Hatfield with respect to the Underlying Lawsuit.

30. In addition, indemnity coverage for damages arising out of the loss of recalled peanut products and costs associated with complying with the product recall is precluded under the Primary Policies, even if such damages were otherwise covered by those policies, by the terms of the exclusion titled "Exclusion—Fungi, Bacteria and Viruses," Form HC 21 90 09 01. Indemnity coverage for these damages is likewise precluded under the Umbrella Policies by the terms of the exclusion titled "Following Form Endorsement—Fungi, Bacteria and Viruses," form XL 24 58 09 01.

31. An actual and justiciable controversy exists between Hartford, on the one hand, and American Institute, AIB International, Mr. Hatfield and Mr. Fitzer, on the other, as to whether Hartford must indemnify American Institute and AIB International with respect to the Underlying Lawsuit.

WHEREFORE, Hartford requests that the Court enter judgment declaring that Hartford has no obligation to indemnify American Institute, AIB International or Mr. Hatfield with respect to the Underlying Lawsuit, and granting such other and further relief as justice may require.

[SIGNATURE TO FOLLOW]

Respectfully submitted,

*R. C. Ratterree* (signature)

R. Clay Ratterree
Georgia Bar No. 595312
clayr@epra-law.com
Tracy O'Connell
Georgia Bar No. 553460
toconnell@epra-law.com

Ellis, Painter, Ratterree & Adams LLP
Post Office Box 9946
Savannah, Georgia 31412
912-233-9700

Of Counsel:

Lee H. Ogburn
M. David Maloney
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202-3201
Tel. (410) 752-6030
Fax (410) 539-1269

Dated: October 19, 2009